# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:19-CV-152-RJC-DSC

| | |
|---|---|
| ALEX HAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENDRICK AUTOMOTIVE GROUP, | ) |
| and TONDA WILSMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss…" (documents #4 and 6), pro se Plaintiff's "Motion to Amend" (document #10), and the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant Plaintiff's Motion to Amend as to Defendant Hendrick and respectfully recommend that Defendant Wilsman's Motion to Dismiss be granted, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 25, 2019, Plaintiff filed this action in Mecklenburg County Superior Court alleging disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq… The Complaint named Plaintiff's employer and its humans resources manager as

1

Defendants. Defendants timely removed this matter to the United States District Court for the Western District of North Carolina based upon federal question jurisdiction.

On May 6, 2019, Defendants filed their Motions to Dismiss.

On May 29, 2019, Plaintiff filed a "Motion Two: Clarification of Complaint" (document #10) which was docketed as a Motion to Amend. In his Motion, Plaintiff stated that he has undergone "extensive medical treatment for insomnia … which plagued me at that time and subsequently." Id.

The parties' Motions are ripe for disposition.

## II. <u>DISCUSSION</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id… "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293

(4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even construing Plaintiff's Complaint liberally, he has failed to state a claim against Defendant Wilsman. There is no individual liability under the ADA. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (supervisors not liable in their individual capacities under Title VII); Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (same for ADA).

The Court finds that at this early stage in the litigation, Plaintiff is entitled to file an amended complaint alleging an ADA claim against Defendant Hendrick. See Fed. R. Civ. P. 15; Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (leave to amend should be granted unless (1) "the amendment would be prejudicial to the opposing party," (2) "the moving party has acted in bad faith," or (3) "the amendment would be futile"). Accordingly, his Motion to Amend is granted.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier,

238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

## III. ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Amend" (document #10) is **GRANTED** as to Defendant Hendrick. Plaintiff shall file an Amended Complaint on or before July 31, 2019.

2. Defendant Hendrick's "Motion to Dismiss…" (document #6) is administratively **DENIED** as moot without prejudice.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Wilsman's "Motion to Dismiss" (document #4) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as to her.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: July 9, 2019

David S. Cayer
United States Magistrate Judge