UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00152-RJC-DSC

| ALEX HAMMER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| HENDRICK AUTOMOTIVE GROUP and TONDA WILSMAN, | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on Defendant Tonda Wilsman's Motion to Dismiss Plaintiff's Complaint, (Doc. No. 4), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14).

## I. BACKGROUND

On February 25, 2019, Plaintiff Alex Hammer ("Plaintiff") filed a Complaint against Defendants Hendrick Automotive Group ("Hendrick") and Tonda Wilsman ("Wilsman" and collectively with Hendrick, "Defendants") in the Superior Court of Mecklenburg County, North Carolina. (Doc. No. 1-1.) On March 28, 2019, Defendants removed the action to the United States District Court for the Western District of North Carolina based on federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1.) Wilsman filed the instant Motion to Dismiss Plaintiff's Complaint on May 6, 2019. (Doc. No. 4.) In the M&R, the Magistrate Judge recommended that this Court grant Wilsman's motion to dismiss. (Doc. No. 14, at 5.) The Magistrate Judge advised the parties of their right to file objections to the M&R within fourteen

days, (Doc. No. 14, at 5); however, no objections were filed, and the time for doing so has expired, Fed. R. Civ. P. 72(b)(2).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. DISCUSSION

As no objection to the M&R has been made, the parties have waived their right to de novo review of any issues covered in the M&R. After review of the M&R and the entire record, the Court determines that the recommendation of the Magistrate Judge is fully consistent with and supported by current law. Therefore, the Court adopts the M&R.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**, Defendant Tonda Wilsman's Motion to Dismiss Plaintiff's

Complaint, (Doc. No. 4), is **GRANTED**, and Plaintiff's Complaint is dismissed with prejudice as to Defendant Tonda Wilsman.

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge